**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **BYRON E. ADAMS, # A-60952,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 13-cv-985-JPG** |
| | ) | |
| **V. SMITH and** | ) | |
| **MENARD CORRECTIONAL CENTER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at Menard Correctional Center ("Menard"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff is serving a 60-year sentence for murder.

Plaintiff claims that he has been denied placement in protective custody, after Defendant Smith disclosed the information that formed the basis for Plaintiff's request for protection – that Plaintiff had testified as a witness in a gang killing of a prison guard.  This revelation that Plaintiff had been a "snitch" put him in danger of attack by his cellmate, who was a gang member.

According to the complaint, on June 14, 2013, Plaintiff wrote a letter to Ms. Morrison, a prison mental health worker, asking for help in moving him back into a one-man cell (Doc. 1, p. 4).  Plaintiff wrote the letter because he did not feel safe talking to Ms. Morrison when she visited his cell, because Defendant Smith was also present.  Plaintiff knew that Defendant Smith had placed another inmate in danger by revealing that the other inmate had snitched to the administration by filing complaints about other prisoners (Doc. 1, p. 5).

Plaintiff had just been placed into a cell with inmate Vaughn, who revealed to Plaintiff that he was a member of a gang.  Plaintiff explained in his letter to Ms. Morrison that during a prior incarceration in Stateville Correctional Center, he had witnessed the killing of Lieutenant Burd by a Gangster Disciple.  He feared for his safety if he were made to share a cell with any gang member.

Plaintiff's letter was read by a nurse, and it was also apparently revealed to Defendant Smith.  Plaintiff's cellmate Vaughn claimed that Defendant Smith allowed him to read it (Doc. 1, p. 8).  In addition, on June 15, 2013, Vaughn read another letter Plaintiff was writing to the shift commander regarding his safety concerns (Doc. 1, p. 7).  Vaughn snatched that letter out of Plaintiff's hands, and told Plaintiff he knew about Plaintiff's June 14 letter which stated Vaughn was in a gang.  Vaughn then yelled out to all the nearby inmates that Plaintiff is a stool pigeon.  This prompted Plaintiff to request placement in protective custody.  Vaughn overheard Plaintiff talking to a correctional officer about this request, and Vaughn made a verbal threat to harm Plaintiff (Doc. 1, p. 8).  The officer heard Vaughn make the threat.  However, Plaintiff was not moved until the following morning (June 16, 2013), after he told a nurse he was going to harm himself (Doc. 1, p. 9).  Plaintiff made this claim in desperation to get out of the cell with Vaughn, because no staff had taken action on his protective custody request, even though he had renewed his request to another officer after the first guard witnessed Vaughn's threat.

Plaintiff had sought protective custody at Menard one other time (in January 2013) after an inmate asked for his name, then asked if he had been at Stateville in 1977.  He was given protection and housed in a single cell for a time, but eventually was placed back with a cellmate (Doc. 1, p. 12).

Plaintiff's June 15 request to remain in protective custody based on the disclosures by

Defendant Smith and the threat by inmate Vaughn was denied on June 27, 2013, and he appealed that decision (Doc. 1, p. 11).  An officer on the protective custody unit (where Plaintiff remained during the appeal) told Plaintiff that he would "have a very hard time" there.  Plaintiff took this as a threat, because Plaintiff was trying to expose Defendant Smith's misconduct of informing inmate Vaughn that Plaintiff had requested protection from Vaughn (Doc. 1, p. 12).  On September 9, 2013, Plaintiff's protective custody request was denied by Illinois Department of Corrections Director Godinez (Doc. 1, p. 13).  Plaintiff fears that his life will be in danger if he is returned to general population at Menard, because he has been labeled as a snitch and other inmates now know that he was a witness in the Stateville killing.

Plaintiff requests damages from Defendant Smith, and injunctive relief in the form of a transfer to the protective custody unit at Pontiac Correctional Center for the duration of his sentence.  Plaintiff names "Menard Correctional Center" as a Defendant in this action, apparently in connection with his request for injunctive relief.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable Eighth Amendment claim against Defendant Smith, for placing Plaintiff in danger of bodily harm by revealing information that may prompt another inmate to attack him.

However, Plaintiff cannot maintain his suit against the Defendant Menard Correctional Center, because it is a division of the Illinois Department of Corrections, a state government agency.  The Supreme Court has held that "neither a State nor its officials acting in their official

capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 219, 220 n. 3 (7th Cir. 1990) (same).  Based on this authority, the Menard Correctional Center is not a "person" within the meaning of the Civil Rights Act, and shall be dismissed from this action.  *See Will*, 491 U.S. at 71.

The Menard Warden, however, would be a proper party to this lawsuit, because Plaintiff is seeking injunctive relief.  Therefore, the Clerk shall be directed to add the Menard Warden (in his official capacity) as a party Defendant in this action.  *See* FED. R. CIV. P. 21; FED. R. CIV. P. 17(d);[1] *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out).

## Pending Motion

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to United States Magistrate Judge Frazier for further consideration.

## Disposition

Accordingly, the Clerk is **DIRECTED** to terminate the Menard Correctional Center as a Defendant in this action, and add the Warden of Menard Correctional Center as a Defendant.

In any future documents filed in this case, Plaintiff shall identify the Warden by his

---

[1]  Federal Rule of Civil Procedure 21 states in pertinent part:  "On motion or on its own, the court may at any time, on just terms, add or drop a party."  Rule 17(d) provides:  "A public officer who . . . is sued in an official capacity may be designated by official title rather than by name, but the court may order that the officer's name be added."

proper name.

The Clerk of Court shall prepare for Defendants **SMITH** and **MENARD WARDEN**:
(1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6
(Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the
complaint, and this Memorandum and Order to each Defendant's place of employment as
identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons
(Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take
appropriate steps to effect formal service on that Defendant, and the Court will require that
Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of
Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by
Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if
not known, the Defendant's last-known address.  This information shall be used only for sending
the forms as directed above or for formally effecting service.  Any documentation of the address
shall be retained only by the Clerk.  Address information shall not be maintained in the court file
or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is
entered), a copy of every pleading or other document submitted for consideration by the Court.
Plaintiff shall include with the original paper to be filed a certificate stating the date on which a
true and correct copy of the document was served on Defendants or counsel.  Any paper received
by a district judge or magistrate judge that has not been filed with the Clerk or that fails to
include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the

complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 18, 2013**

<u>*s/ J. Phil Gilbert*</u>
United States District Judge