**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **BYRON E. ADAMS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | Case No. <u>**3:13-cv-00985-JPG-PMF**</u> |
| | ) | |
| **V SMITH,** *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**ORDER**</u>

**FRAZIER, Magistrate Judge:**

Before the court is Defendant Warden's (Doc. 58) motion to vacate default. For the following reasons, the (Doc. 58) motion to vacate default is granted, in part, and denied, in part.

**A. Background**

Plaintiff filed this case pursuant to 42 U.S.C. § 1983 on September 16, 2013. After its transfer to this district eight days later, the court screened the complaint pursuant to its authority in 28 U.S.C. § 1915A on October 18, 2013. *See* Doc. 11. In that order, Defendant Warden was ordered to file a reply "pursuant to 42 U.S.C. § 1997e(g)." *Id.* at 5-6. A request for waiver of service was sent to Warden on October 21 but never returned as executed. *See* Docs. 12, 35. The court then issued summons on January 9, 2014 (*see* Doc. 36), which was served on January 24 (*see* Doc. 40). Warden's reply was due on February 14. *See id*. No reply was filed by that date so the court granted Plaintiff's motion for entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure on February 21. *See* Docs. 52, 55.

On February 24, Warden filed the instant motion to vacate default pursuant to Rule 55(c) of the Federal Rules of Civil Procedure. He advances two arguments for why default should be

vacated: 1) the court does not have authority to enter default in prisoner cases, and 2) if the court does have such authority, good cause is demonstrated to vacate the default pursuant to Rule 55(c).

### B. Court Authority to Enter Default in Prisoner Cases

Warden cites the text of the Prison Litigation Reform Act ("PLRA") for support of his argument that "the Court does not have the usual ability to enter default judgment against a defendant for failing to timely file a responsive pleading in prisoner litigation cases." Doc. 58 at 4 ¶14. The provisions in question provide as follows:

(g) Waiver of reply

(1) Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law. Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint. *No relief shall be granted to the plaintiff unless a reply has been filed.*

(2) The court may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits.

42 U.S.C. § 1997e(g) (emphasis added).  Warden then correctly points out that § 1997e(g)(1) was intended to be a departure for the customary beginning to a federal lawsuit.  He then cites to a portion of the U.S. Supreme Court's decision in *Jones v. Bock*, 49 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007), which provides as follows:

[Initial screening pursuant to 28 U.S.C. § 1915A] may take place before any responsive pleading is filed-unlike in the typical civil case, defendants do not have to respond to a complaint covered by the PLRA until required to do so by the court, and waiving the right to reply does not constitute an admission of the allegations in the complaint. *See* 42 U.S.C. §§ 1997e(g)(1), (2).

*Jones*, 549 U.S. at 213-14.  Based on this passage, Warden concludes that the court "does not have the usual ability to enter default judgment against a defendant for failing to timely file [a

reply]" (Doc. 58 at 4 ¶ 14) in any prisoner case covered by the PLRA because the provision of § 1997e(g)(1) that "[n]o relief shall be granted to the plaintiff unless a reply has been filed" cannot be negated (Doc. 58 at 4 ¶ 13).

Warden's argument, however, is based on an illogical reading of § 1997e(g) and *Jones*, which lead to absurd results if fully extended. When the statute's plain language is clear, "the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." *Lamie v. U.S. Tr.*, 540 U.S. 526, 534, 124 S. Ct. 1023, 1030, 157 L. Ed. 2d 1024 (2004). "No rule of construction necessitates our acceptance of an interpretation resulting in patently absurd consequences." *United States v. Brown*, 333 U.S. 18, 27, 68 S. Ct. 376, 381, 92 L. Ed. 442 (1948).

The statutory provisions in § 1997e(g) are exceptionally clear on their face. It is true that subsection (g)(1) prevents the court from taking action against a defendant in a prisoner case until the defendant files a reply. 42 U.S.C. § 1997e(g)(1). However, subsection (g)(2) serves to nullify subsection (g)(1) when the court requires a defendant to reply "if it finds that the plaintiff has a reasonable opportunity to prevail on the merits." *See id.* §§ 1997e(g)(1), (2). After the court requires a reply under subsection (g)(2), a defendant can no longer use subsection (g)(1) as a shield to waive a reply and the provisions of Rule 55 of the Federal Rules of Civil Procedure concerning default can be appropriately applied by the court if the defendant fails to file a timely answer. *See id.*

Although admittedly *dicta*, Warden uses the compound sentence quoted from *Jones* to advance his statutory construction argument. The first portion of the compound sentence ("defendants do not have to respond to a complaint covered by the PLRA until required to do so by the court ") is clearly referring to subsection (g)(2). *See* 42 U.S.C. § 1997e(g)(2). The second

3

portion of the compound sentence ("waiving the right to reply does not constitute an admission of the allegations in the complaint") is clearly referring to subsection (g)(1). *See id.* § 1997e(g)(1). Because the second portion followed the first portion, Warden concludes that the two sentences should be "read together," and the § 1997e(g)(1) requirement that no relief can be granted until a reply is filed can never be negated. *See* Doc. 58 at 4 ¶ 13.

There is no reason to read the quoted sentence as Warden advocates because nothing in *Jones* serves to alter the clear statutory intent of § 1997e(g). A court need not look to a judicial decision describing the provisions of statute in *dicta* when the plain language of the statute is sufficiently clear. *See Lamie*, 540 U.S. at 534. Apart from that, *Jones*, when read in its entirety, only serves to reinforce the statutory construction scheme identified here. In *Jones*, the U.S. Supreme Court held that the PLRA's requirement that a prisoner exhaust his administrative remedies prior to filing suit did not create a new pleading requirement for prisoners to specifically provide information in the complaint regarding exhaustion. *See Jones*, 549 U.S. at 214. In reaching its conclusion, it noted that nothing in the PLRA specifically required prisoners to affirmatively plead exhaustion in their complaints and deviations from the customary procedure in civil lawsuits could not be created absent a formal amendment to the PLRA or the Federal Rules of Civil Procedure. *See id.* at 216-17. Just like in *Jones*, nothing in the PLRA specifically speaks to entry of default or default judgment, and a judicially-created departure from the Rule 55 is not possible without formal amendment to the PLRA or the Federal Rules.

Warden's argument that the court can never negate the § 1997e(g)(1) requirement that no relief be granted until a reply is filed leads to absurd results. The court does not disagree that no relief can be granted until after the defendant replies or fails to reply after a court order pursuant to § 1997e(g)(2). Warden, however, takes a more extreme position, advocating that the §

1997e(g)(1) "no relief" requirement should withstand a court order directing a reply pursuant to § 1997e(g)(2) and a defendant's subsequent failure to timely reply, as in this case. *See* Docs. 11 at 5-6; 58 at 4 ¶ 13.  Taking it to its logical extent, Warden's argument would essentially repeal 42 U.S.C. § 1983 as it pertains to prisoner rights by creating an avenue for government officials to completely ignore all prisoner lawsuits even after a court order is issued directing them to reply pursuant to § 1997e(g)(2).  This clearly was not the intent of Congress in enacting the PLRA.  The federal courts most definitely retain the ability to enter default and default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure against a defendant failing to timely file a reply as ordered pursuant to § 1997e(g)(2).

### C.  Motion to Vacate Default

In the event that the court does have authority to enter default, Warden urges the court to vacate default here.  "The court may set aside an entry of default for good cause…" FED. R. CIV. P. 55(c).  "Good cause means a valid reason for delay." *Coleman v. Milwaukee Bd. of Sch. Directors*, 290 F.3d 932, 934 (7th Cir. 2002) (citations omitted).  Generally, a party must demonstrate "excusable neglect" when an act may or must be done within a specified time, and a motion is filed after the time to act has expired. *See* FED. R. CIV. P. 6(b)(1)(B).  Whereas the good cause standard is mandatory, the excusable neglect standard is permissive. *Coleman*, 290 F.3d at 934. Warden submits that failing to timely respond in this case is due to a staff clerical error and no fault of his own.  The court will grant the request to vacate default.  Both the length of the delay and prejudice to Plaintiff are minimal, and Warden has adequately demonstrated excusable neglect for the delay.

**D.  Conclusion**

For the forgoing reasons, the (Doc. 58) motion to vacate entry of default is granted, in part, and denied, in part.  Default as to Warden is vacated, and he may file an answer within 5 days of this order.

**SO ORDERED.**

**DATED: March 3, 2014.**


_**s/ Philip M. Frazier**_
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**