IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BYRON E. ADAMS,

       Plaintiff,

vs.

V. SMITH, MENARD CORRECTIONAL
CENTER and WARDEN,

       Defendants.

Case No. 13-cv-985-JPG-PMF

**MEMORANDUM AND ORDER**

This matter comes before the Court on (1) the Report and Recommendation ("R & R") (Doc. 33) of Magistrate Judge Philip M. Frazier recommending this Court deny plaintiff Byron E. Adams' motion for injunctive relief (Doc. 30); (2) Adams' appeal of Magistrate Judge Frazier's order denying recruitment of counsel (Doc. 95); (3) motion for list of all docket texts (Doc. 98); and (4) motion to compel magistrate judge decision (Doc. 99).  For the following reasons, the Court (1) rejects the R & R and denies as moot Adams' motion for injunctive relief, (2) denies Adams' appeals (Docs. 95 & 99) of Magistrate Judge Frazier's orders; and (3) grants Adams' motion for a copy of the docket sheet.

1. **Report and Recommendation (Doc. 33)**

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3).  The Court must review *de novo* the portions of the report to which objections are made.  The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary.  *Id.*  "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear

error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).  Adams objected to the R & R (Doc. 60).  As such, the Court will review the R & R *de novo*.

In his motion for injunctive relief, Adams seeks a transfer out of Menard Correctional Center ("Menard") to Pontiac Correctional Center ("Pontiac") and placement in protective custody at Pontiac.  Since Adams filed his motion, he was transferred to Pontiac.  He has named only Menard officials as defendants in this action and has not demonstrated he is likely to be retransferred to Menard.  Accordingly, any claim against the Menard defendants for injunctive relief is now moot because he is no longer in custody at Menard.  *See Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) ("If a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless he can demonstrate that he is likely to be retransferred.")  Further, it appears Adams has received at least part of the relief which he requested in the form of a transfer to Pontiac.  For the foregoing reasons, the Court rejects the R & R (Doc. 33) and denies Adams' motion as moot (Doc. 30).

2. **Magistrate Judge Appeal (Docs. 95 & 99)**

Next, Adams appeals Magistrate Judge Frazier's order denying recruitment of counsel. On March 24, 2014, Magistrate Judge Frazier entered an order (Doc. 77) denying Adams' motion to appoint counsel finding that Adams was competent to litigate this case at its present stage.  Magistrate Judge Frazier warned Adams that further motions for recruitment of counsel would be summarily denied.  On April 18, 2014, Adams filed another motion (Doc. 87) for recruitment of counsel that Magistrate Judge Frazier summarily denied (Doc. 90).  Adams now appeals the denial of his second motion for recruitment of counsel (Doc. 95).

A district court reviewing a magistrate judge's decision on nondispositive issues should modify or set aside that decision if it is clearly erroneous or contrary to law.  *See* Fed. R. Civ. P.

72(a); 28 U.S.C. § 636(b)(1)(A).  After a review of Magistrate Judge Frazier's orders, this Court concludes that the orders are neither clearly erroneous nor contrary to law.  As such, the Court denies Adams' appeals (Docs. 95 & 99).  Adams may renew his motion for recruitment of counsel at a later stage of this litigation.

3. **Motion for List of All Docket Texts (Doc. 98)**

Finally, Adams seeks a printout of the docket entries in this case.  The Court grants this motion (Doc. 98) and directs the Clerk of Court to mail a copy of the docket sheet from this case to Byron Adams.

4. **Conclusion**

For the foregoing reasons, the Court

- **REJECTS** the R & R (Doc. 33) and **DENIES** Adams' motion as moot (Doc. 30);
- **DENIES** Adams' appeals (Docs. 95 & 99);
- **GRANTS** Adams' motion for a copy of the docket (Doc. 98); and
- **DIRECTS** the Clerk of Court to mail a copy of the docket sheet to Byron Adams.

**IT IS SO ORDERED.**

**DATED:**  July 16, 2014

> s/ J. Phil Gilbert
> **J. PHIL GILBERT**
> **DISTRICT JUDGE**