**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| BYRON ADAMS, A60952, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 13-CV-985-SMY-PMF |
| | ) |
| V. SMITH and | ) |
| MENARD CORRECTIONAL CENTER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff Byron Adams, an inmate currently incarcerated at Pontiac Correctional Center, brought this action pursuant to 42 U.S.C. § 1983 alleging that Defendant Smith, in his individual capacity, and Defendant Harrington, in his official capacity, violated his Eighth Amendment rights. On July 14, 2016, the Court granted summary judgment in Defendants' favor.  Now pending before the Court is Plaintiff's Motion to Reconsider Summary Judgment (Doc. 145). Defendants filed a response (Doc. 146).  For the following, the motion is **DENIED**.

Under Rule 59(e), the Court may alter or amend its judgment if the movant "clearly establish[es] (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Blue v. Hartford Life & Acc. Ins. Co.,* 698 F.3d 587, 598 (7th Cir.2012) (quoting *Harrington v. City of Chicago,* 433 F.3d 542, 546 (7th Cir.2006)).  The rule "enables the court to correct its own errors and thus avoid unnecessary appellate procedures." *Moro v. Shell Oil Co.,* 91 F.3d 872, 876 (7th Cir.1996).  However, such motions are not appropriate vehicles for re-litigating arguments that the district court previously rejected or for arguing issues or presenting evidence that could have been raised during the pendency of the motion presently under reconsideration.  *Sigworth v. City of Aurora,* 487 F.3d

1

506, 512 (7th Cir.2007).  A proper motion to reconsider does more than take umbrage and restate the arguments that were initially rejected during the summary judgment phase. *County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 819 (7th Cir. 2006).

Rule 60(b) contains a more exacting standard than Rule 59(e), although it permits relief from a judgment for a number of reasons including mistake or "any other reason justifying relief from the operation of judgment."  Fed. R. Civ. P. 60(b).  However, in contrast to Rule 59(e), legal error is not an appropriate ground for relief under Rule 60(b). *Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002) ("A contention that the judge erred with respect to the materials in the record is not within Rule 60(b)'s scope, else it would be impossible to enforce time limits for appeal.").  Relief under Rule 60(b) is an extraordinary remedy and is only granted in exceptional circumstances. *United States v. 8136 S. Dobson St., Chicago Ill*., 125 F.3d 1076, 1082 (7th Cir. 1997).

In support of his motion for reconsideration, Plaintiff simply re-asserts the allegations he previously made regarding the Defendants.  Specifically, Plaintiff asserts that Defendants placed him at a substantial risk of serious injury from gang reprisals for Plaintiff's 1977 Stateville testimony[1] by allegedly discussing Plaintiff's testimony with another inmate.

Plaintiff's motion falls short of the standard for relief under Rule 59(e).  A "manifest error" is not demonstrated by the disappointment of the losing party.  *Sedrak v. Callahan,* 987 F.Supp. 1063, 1069 (N.D.Ill.1997).  Rather, it is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Id.*  In the Order granting summary judgment, this Court found that Plaintiff failed to make a *prima facie* showing that Defendants violated his Eighth Amendment rights.  Despite Plaintiff's assertions, the Court maintains that there are no

---

[1] In January 1977, while incarcerated at Stateville Correctional Center, Plaintiff witnessed the murder of a correctional lieutenant by a member of the Gangster Disciples.  Plaintiff subsequently testified against the gang member.

material issues of genuine fact.  Here, Plaintiff simply takes exception with the Court's analysis of the evidence and its ruling—rehashing arguments previously rejected by the Court.  *See Caisse Nationale de Credit Agricole v. CBI Industries, Inc.,* 90 F.3d 1264, 1270 (7th Cir.1996) (Reconsideration is not an appropriate forum for rehashing previously rejected arguments). Moreover, Plaintiff's arguments—then and now—do not support a conclusion that Defendants violated his rights.  Therefore, Plaintiff's Motion to Reconsider is denied.

**IT IS SO ORDERED.**

**DATED:  September 6, 2016**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**

3